DargAN, Ch.,
dissenting.
I am not satisfied with, my own construction of the will of George A. 0. Rivers. Such are its obscurity and informality, that I doubt if any construction .that can he given would be wholly free from objection. But I feel myself called on to protest against the interpretation adopted by this Court.
If there is anything clear in the will, it is that the testator intended to make a provision for his wife, and he has designated with great particularity the property, real and personal, which was to constitute this provision. And it is equally clear that this provision (both as to the real and personal estate) was to continue for life. So many negroes (by name) were set apart as “the attendants of” his wife and younger children. These were seventeen in number at the testator’s death, including the large and the small. By natural increase they now amount in number to twenty-seven. This number of domestic servants appears out of proportion to the widow’s circumstances and situation. And for this reason, and for no other that I can perceive, the Court now orders a reference to the Master, to enquire and report whether a less number of negroes than those given by the testator would not be sufficient for attendance upon the testator’s widow. This, I think, is emendation, and not construction, and it will be so considered. I have no doubt that the Court can make a clearer will than that which the testator has made. But the Court has no power to make alterations and additions, and it is better that an unreasonable will should remain intact, than that the power of the testator over the testamentary disposition of his property should be abridged. Of course the Court will disclaim, and does not act upon, any suck authority or power; but the effect is precisely the same.
If the provision for the wife had embraced only a few negroes, it would not have been disturbed. But seventeen negroes, for domestic servants, seems to be too large an establishment for this widow; more particularly, as by natural *215 increase the number has been magnified to twenty-seven. Tbe increase is accidental, and is a state of things not anticipated by tbe testator, and does not constitute any proper ground for tbe interference of tbe Court, in reducing tbe provision made by tbe testator for bis widow.
Tbe testator gave tbe mansion in wbicb be resided, witb two hundred acres of land, as a home for bis wife and bis daughters as long as they should remain single. Tbe daughters, while unmarried, took an interest, wbicb was to be enjoyed by them as residents at tbe homestead. If, being still single, they go away and live elsewhere, they have no such estate or interest as will admit of a claim or demand, on their part, for a proportional part thereof for rent. In like manner, when tbe testator gives his wife tbe domestic servants as attendants upon her and bis younger children, be obviously intended that they should be attendants upon her at tbe home which be bad provided for her; at least as long as she chose to reside there. Tbe use of these servants was intended for tbe wife, in common witb tbe younger children. Tbe latter certainly bad a right in tbe use of tbe negroes, but it was a right wbicb was intended to be enjoyed in common witb tbe widow. When they left tbe homestead, each pursuing bis or her own scheme of life, they bad no such interest or estate as could be separated from that of tbe widow, or wbicb they were entitled to enjoy in severalty. If one bad, it is clear that each bad. Yet, if I understand it, tbe present decree of tbe Court looks to a separation of the interest of the parties in some portion of tbe property, if tbe report of tbe Master should, state that tbe widow did not stand in need of all of these negroes. Tbe testator having given tbe use of these negroes to bis wife, as personal attendants upon her, I do not perceive upon what just principle tbe Court can proceed to enquire whether there are too many negroes for her needs, and if they should be found to be too many, to decree that she should be deprived of some portion of tbe provision *216 which the testator has made for her. Admit that the number of domestic servants is too large for the present establishment of the widow, when was such a circumstance ever known to authorize the Court to trench upon the will? When was such a circumstance known to control the construction of a will ? This decree looks to an interference with the provisions of the testator, which to me appears to be in the highest degree improper, and it is for this reason that I have felt it to be my duty in this form to express my disapprobation and dissent.

Decree reversed.